UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLINTON PELLEGRIN, ET AL.**                                      **CIVIL ACTION**

**VERSUS**                                        **NO. 11-289**

**ANSLEY PLACE APARTMENTS, L.L.C., ET AL.**             **SECTION "K"(1)**

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Doc. 95) filed by Hathaway Development Company, Inc. and Hathaway Construction Company, Inc. (collectively "Hathaway"). In this motion, Hathaway seeks judgment against cross-defendant Meyer Smith, Inc. ("Meyer Smith") based in Meyer Smith's being contractually bound to defend and indemnify Hathaway for Plaintiffs' claims. For the reasons herein, the Court finds the motion to have merit.

**Background**

Plaintiffs Clinton Pellegrin and Tressa Pellegrin have brought suit for injuries Clinton Pellegrin sustained after he fell on a stair in the Ansley Place Apartments (the "Apartments") in Houma, Louisiana. Plaintiffs have brought suit against a number of defendants, including the general contractor for the construction of the Apartments (Hathaway) and the subcontractor that fabricated and installed the stairs at issue, Meyer Smith, Inc. ("Myer Smith").

A Subcontract Agreement was executed Hathaway and Meyer Smith. (Doc. 95, Ex. 1). Paragraph 10 of the General Terms and Conditions concerns Indemnification and Insurance. The particular provision which Hathaway seeks to enforce provides as follows:

> a. To the fullest extent permitted by law Subcontractor [Meyer Smith] shall indemnify, defend and hold harmless Contractor [Hathaway] and Owner [Ansley Place

> Apartments LLC] from and against any and all claims, damages, losses, demands, judgments and costs of suit or defense, including attorney's fees and reimburse Owner and Contractor for any expense damage or liability incurred by Owner or Contractor whether for personal injury, property damage, . . . arising or alleged to have arisen from the acts or omissions of Subcontractor,. . . . The forgoing indemnification does not apply to claims arising out of the sole negligence, gross negligence or willful misconduct of Contractor.  Subcontractor further agrees to reimburse Contractor for all costs and expenses, including attorneys' fees, incurred to enforce these indemnity obligations.

Doc. 95-2 a 6 of 15.

Plaintiffs have alleged that their injuries arise out of, *inter alia,* a failure to construct or install the stairs at the Apartments properly. (Complaint, ¶6). Because plaintiffs have alleged that Meyer Smith, which was the party actually responsible for installing the stairs, negligently performed its job, Hathaway contends that plaintiff's claims could not have arisen "solely" from Hathaway's acts. For this proposition, Hathaway relies on *Billiot v. Police Jury for the Parish of Orleans,* 308 So.2d 478, 479 (La. App. 4 Cir. 1975).

In that case, an employee of Giarrusso Security Service, Inc. ("Giarrusso"), sued Continental Can Company ("Continental") for injuries sustained in the collapse of a footbridge adjacent to the can company's plant. Continental filed a third-party indemnity claim against Giarrusso based on their contract in which Giarrusso agreed to indemnify Continental against personal injury claims:

> 'arising out of, incidental to, or in connection with the work' Giarrusso contracted for, whether or not due to the negligence by Giarrusso, ' whether or not due to any act of omission or commission including negligence but excluding sole negligence of Continental, its employees, servants or agents.

*Id.* at 479. The trial court granted summary judgment for Giarrusso, and the Fourth Circuit Court of Appeals for the State of Louisiana reversed, stating:

> If plaintiff's injury 'arose out of' the Giarrusso work and, for example, was due to the fault of one of the other defendants for which Continental is vicariously liable

>as bridge owner, then (even if workmen's compensation law limits Continental's liability as a statutory employer 'principal,' R.S. 23:1061) Continental may be entitled to indemnity from Giarrusso under the contract.

*Id.*

Meyer Smith raises two defenses.  First it contends that while it entered into a subcontract with "Hathaway Development Company," it disputes that it entered into a contract with "Hathaway Construction Company, Inc."  This argument verges on the frivolous and/or sanctionable considering that Hathaway Development Company, Inc. changed its name to Hathaway Construction Company, Inc. and thus is the same entity.  Brandon Waters of the Hathaway entities testified as much in his deposition of November 7, 2011 at which time a letter to the State Licensing Board for Contractor for the State of Louisiana covering a Certificate of Amendment name change were adduced.  No evidence to contradict this testimony has been presented; therefore, the Court rejects this argument.

Likewise, Meyer Smith provides no legal response to the position of Hathaway as to the effect of the indemnity agreement.  It plainly states that  does not dispute that it agreed to provide Hathaway indemnity and defense for claim arising out of the sole negligence of Meyer Smith or the joint negligence of it and Hathaway.  However it does dispute that owes responsibility to defend or indemnify Hathaway for any claims arising out of "the sole negligence, and gross negligence or  willful misconduct of contractor."

As such, it is clear that Meyer Smith does have a duty to indemnify, defend and hold harmless Hathaway from and against any and all claims, damages, losses, demands, judgments and costs of suit or defense, including attorney's fees and reimburse Hathaway for any expense damage or liability incurred by it whether for personal injury, property damage, . . . arising or

3

alleged to have arisen from the acts or omissions of Meyer Smith.  In addition, Meyer Smith shall owe Hathaway all costs and expenses, including attorneys' fees, incurred to enforce the indemnity agreement.  However, the forgoing indemnification does not apply to claims arising out of the sole negligence, gross negligence or willful misconduct of Contractor.  Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 95) filed by Hathaway Development Company, Inc. and Hathaway Construction Company, Inc. is **GRANTED** to the extent that should Hathaway incur liability to the Pellegrins arising or alleged to have arisen from the acts or omissions of Meyer Smith and not due to the sole negligence, gross negligence of Hathaway, Meyer Smith shall be held to indemnify Hathaway as provided by contract.

New Orleans, Louisiana, this __9th__ day of March, 2012.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**
