## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**CLINTON PELLEGRIN, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 11-289**

**ANSLEY PLACE APARTMENTS, L.L.C., ET AL.**          **SECTION "K"(1)**


### ORDER AND REASONS

Before the Court are:

a.      a Motion for Summary Judgment (Doc. 100) filed by Ansley Place Apartments, LLC ("Ansley Place") and

b.      a Motion for Summary Judgment on Duty to Defend and Indemnify (Doc. 101) filed by Hathaway Development Company, Inc. and Hathaway Construction Company, Inc. (" Hathaway").

In these motions, Ansley Place and Hathaway seek to enforce the insurance provisions contained in a Comprehensive General Liability (CGL) policy issued by Continental Casualty Corporation, ("Continental") to Meyer Smith, Inc. ("Meyer Smith"), a subcontractor of Hathaway. Hathaway and Ansley Place are listed as additional insureds in these policies. For the reasons that follow, the Court finds both motions to have merit.


**Background**

As previously noted, plaintiffs Clinton Pellegrin and Tressa Pellegrin have brought suit for injuries Clinton Pellegrin sustained after he fell on a stair in the Ansley Place in Houma, Louisiana. Plaintiffs have brought suit against a number of defendants, including the general contractor for the construction of the Apartments, Hathaway and the subcontractor that fabricated and installed the stairs at issue, Meyer Smith.

A Subcontract Agreement was executed between Hathaway and Meyer Smith. (Doc. 95,

Ex. 1).   Paragraph 10 of the General Terms and Conditions concerns Indemnification and

Insurance.  The particular provision  which Ansley Place and Hathaway seek to enforce states as

follows:

> 10.     Indemnification and Insurance.
>> b.      Subcontractor shall procure, maintain during the life
>>         of the Subcontract . . ., and pay for . . . the
>>         following types and minimum amounts of
>>         insurance:
>>> i.      Comprehensive general liability ("CGL") insurance. . .
>> d.      Cancellation: Additional Insureds: Each liability
>>         policy required thereunder shall name as additional
>>         insureds the Owner [Ansley Place] and Contractor
>>         [Hathaway], . . . The insurance required by Article
>>         10 shall be primary with respect to any other
>>         insurance available to said additional insureds.

(Doc. 100, Exh. 3 at 5-6, ¶ 10).

Indeed, Meyer Smith obtained CGL coverage from Continental pursuant to Policy

Number 1062249873 for the period from November 26, 2009 through November 26, 2010. (Doc.

100, Exh.4).  That policy provided the following blanket additional insured provision:

> Endorsement adding "Blanket Additional Insured–Owners, Lessees or Contractors"
>
> A.     Section II - Who is An Insured is amended to include as an additional
>        insured any person(s) or organization(s), . . . whom your are required to
>        add as an additional insured on this Coverage Part under a written
>        contract. . . .
> B.     The insurance provided to the additional insured is limited as follows:
>> 1.      The person or organization is an additional insured only
>>         with respect to liability for "bodily injury", . . caused in
>>         whole or in part by:
>>> a.      Your acts or omissions; . . .
>> 3.      This insurance is excess of all other insurance available to
>>         the additional insured, . . , unless the written contract or
>>         agreement requires this insurance to be primary. . . .

**Standard for Motion for Summary Judgment**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996),  citing  *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).   When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.   The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986);  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' "  *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson  v. Liberty Lobby**, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor."  *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

3

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment.  The Court has no duty to search the record for material fact issues.  Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

**Analysis**

This Court will apply Louisiana law in an  attempt to rule as a Louisiana court would if presented with the same issues. *Musser Davis Land Co. v. Union Pacific Resources,* 201 F.3d 561, 565 (5th Cir.2000), *citing Erie R. Co. v. Tompkins,* 304 U.S. 64, 79-80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Mozeke v. Int'l Paper Co.,* 856 F.2d 722, 724 (5th Cir.1988).   "An insurance policy is a conventional obligation that constitutes the law between the insured and insurer, and the agreement governs the nature of their relationship."  La. Civ. Code art. 1983; *Edwards v. Daugherty*, 883 So.2d 932, 940 (La. 2004); *Peterson v. Schimek*, 729 So.2d 1024, 1028 (La. 1999).  As such, the general rules of contract interpretation as set forth in the Louisiana Civil Code guide the Court in interpreting the subject insurance policies. *Peterson*, 729 So.2d at 1028. "The judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract.  *See* La. Civ. Code art. 2045; *Carbon* [*v. Allstate Ins. Co.,* 97-3085, p. 4 (La. 10/20/98, 719 So. 2d 437, 439]*; Louisiana Ins.* [*Guar. Ass'n v. Interstate Fire & Cas. Co.* 03-0911, p. 5 (La. 1/14/94)], 630 So.2d 759, 763." *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577 (La. 2003).

In *Cadwallader*, the Supreme Court of the State of Louisiana set forth succinctly the most important guiding principles:

Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. *See* La. Civ Code art. 2047; *Peterson v. Schimek,* 98-1712, p. 5 (La.3/2/99), 729 So.2d 1024, 1028-29; *Carbon,* 719 So.2d at 440-441; *Reynolds,* 634 So.2d at 1183. An insurance contract, however, should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion. *Carrier v. Reliance Ins. Co.,* 99-2573, p. 11 (La.4/11/00), 759 So.2d 37, 43; *Peterson,* 729 So.2d at 1029. The rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clearness the parties' intent. *Succession of Fannaly v. Lafayette Ins. Co.,* 01-1355, p. 4 (La.1/15/02), 805 So.2d 1134, 1138; *Peterson,* 729 So.2d at 1029.

. . .

If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. *Fannaly,* 805 So.2d at 1137; *Louisiana Ins.,* 630 So.2d at 764. Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms. *Peterson,* 729 So.2d at 1029; *Louisiana Ins.,* 630 So.2d at 764. The determination of whether a contract is clear or ambiguous is a question of law. *Louisiana Ins.,* 630 So.2d at 764.

*Cadwallader*, 848 So.2d  at 580.

Under the clear language of the CGL policy outlined above, unequivocally both Hathaway and Ansley Place are additional insureds and are provided coverage for any liability accruing to either or both based on Meyer Smith's fault with respect to the accident herein. Continental frivolously opposes these two motions.  As to Ansley Place, it relies on language in the "Manufacturer's General Liability Extension Endorsement;" however, this Endorsement clearly states "Coverage afforded under this extension of coverage endorsement does not apply to any person or organization covered as an additional insured on any other endorsement now or hereafter attached to this coverage."

As to Hathaway, it makes the same absurd argument that Hathaway Construction Company is not a party to the contract which argument this Court has previously rejected and rejects again.  (Rec. Doc. 179).  Continental then claims that its coverage is excluded if Hathaway is found to have been "solely negligent, grossly negligent or guilty of willful misconduct" which language tracks the indemnity agreement as between Hathaway and Meyer Smith and has absolutely nothing to do with the coverage provided under the instant insurance coverage.  Finally, Continental makes the same ludicrous argument invoking the "Manufacturer's General Liability Extension Endorsement," ignoring its limiting language.

It is unclear to this Court whether the defendants are attempting to make Continental provide coverage for any negligence found for which either Hathaway or Ansley Place actually committed themselves and was the sole cause of the accident; clearly there is no coverage to that end.  However, to the degree that either party were to be held liable because of the fault of Meyer Smith, then the Continental policy must respond.  Accordingly,

6

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 100) filed by Ansley Place Apartments, LLC and Motion for Summary Judgment on Duty to Defend and Indemnify (Doc. 101) filed by Hathaway Development Company, Inc. and Hathaway Construction Company, Inc. are **GRANTED** to the extent that Hathaway and Ansley Place are additional insureds and are provided coverage for any liability accruing to either or both based on Meyer Smith's fault with respect to the accident herein.

New Orleans, Louisiana, this  12th day of March, 2012.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

7