UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLINTON PELLEGRIN, ET AL.**                                                                         **CIVIL ACTION**

**VERSUS**                                                                                                                **NO. 11-289**

**ANSLEY PLACE APARTMENTS, L.L.C., ET AL.**                                        **SECTION "K"(1)**

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Doc. 128) filed by defendants Meyer Smith, Inc. ("Meyer Smith") and Continental Casualty Company ("Continental") in which defendants contend that they are entitled to judgment as a matter of law dismissing plaintiffs' demand.  Plaintiffs Clinton Pellegrin and Tressa Pellegrin have brought suit for injuries Clinton Pellegrin sustained after he fell on a stair in the Ansley Place Apartments (the "Apartments") in Houma, Louisiana.  Plaintiffs have sued a number of defendants, including the general contractor for the construction of the Apartments (Hathaway) and the subcontractor that fabricated and installed the stairs at issue, Meyer Smith, Inc.  ("Meyer Smith").

Meyer Smith and Continental base this motion on the legal contention that Louisiana case law demonstrates that "after a reasonable period of time, the duty owned by a contractor ceases and the owner assumes any duty that may exist."  (Doc. 128-2 at 5 of 13).  Hence, they argue that  a 19 ½ month passage of time from the completion of Meyer Smith's work and the accident at issue should relieve it of liability and that any claims against Meyer Smith brought by the Pellegrins should be dismissed.

Whether a "reasonable period of time" exists is "an issue properly brought before a jury constituting a classic triable issue dependent upon the facts of the case." *Broussard v. Aviara Energy Corp.*, 2005 WL 1473998 (W.D.La. June 21, 2005) (Melancon, J.).  The arguments made

by defendants verge on the sanctionable.  Moving defendants cited case law from 1938, 1956, 1958, all pre-dating the adoption of Louisiana duty risk analysis.  Even the post-duty-risk cases cited were not analogous to the case at bar.  In *Hall v. Rapides Parish School Board*, 491 So.2d 817, 818 (La. App. 3rd Cir. 1986), there was a nine year gap from the end of construction to the incident at issue.  In addition, this motion completely ignores the basic fact that Meyer Smith entered into a contract with an agreement to indemnify Ansley Place Apartments, LLC ("Ansley") and Hathaway Development Company, Inc. and Hathaway Construction Company, Inc. ("Hathaway") for any liability arising from these stairs unless it is as the result of the sole negligence of either of those parties.  Thus, movers shall be liable for these damages only if it can prove that Hathaway and Ansley were solely liable for this accident.  Considering Mark Williams deposition testimony that the most probable explanation for the stair being loose was that the nuts were never tightened properly at the time of installation, (Williams Dep. at 174), clearly there is a question of fact precluding summary judgment.  Accordingly,

   **IT IS ORDERED** that the Motion for Summary Judgment (Doc. 128) filed by defendants Meyer Smith, Inc. ("Meyer Smith") and Continental Casualty Company ("Continental") is **DENIED** and the Court will **DEFER** ruling as to whether or not movants should be sanctioned for the filing of this frivolous motion until the completion of the trial.

   New Orleans, Louisiana, this 12th day of March, 2012.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE
