UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLINTON PELLEGRIN, ET AL.**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                                 **NO. 11-289**

**ANSLEY PLACE APARTMENTS, L.L.C., ET AL.**                                       **SECTION "K"(1)**

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Doc. 143) filed by defendants Hathaway Development Company, Inc. and Hathaway Construction Company, Inc. ("Hathaway") in which defendants contend that they are entitled to judgment as to liability to plaintiffs, Clinton Pellegrin and Tressa Pellegrin, for the injuries sustained as the result of Clinton Pellegrin's falling on a loose stair which had been constructed by Hathaway's subcontractor Meyer Smith, Inc. As this Court has already ruled on a number of motions the facts of this case will not be reiterated here.

Hathaway contends that it is entitled to summary judgment for any of the following three reasons:

a. There is no evidence that the nuts on the step on which Clinton Pellegrin ("Pellegrin") fell were loose at the time that Hathaway completed construction of the Ansley Place Apartment;

b. As a general contractor, Hathaway cannot be liable for the negligence of its independent contractor, Meyer Smith, Inc. who installed the stairs on which Pellegrin fell; or

      c.      Sufficient time has elapsed since the turnover of construction by Hathaway to the owner that Hathaway can no longer be liable for any defective construction, a duty that must be assumed by the owner.

Pursuant to Fed. R. Civ. P. 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, Hathaway has failed to demonstrate that there is no general dispute.

Mark Williams has testified that the most likely reason that the nuts were loose on the incident tread was that the nuts were never tightened at the time of the installation (Doc. 161, Exh. 4, William Dep. at 154). Clearly, there is a question of fact as to whether they were loose at the time that Hathaway accepted Meyer Smith's construction and completed construction of the Ansley Place Apartment.

Likewise, it is clear from the contract at issue that the independent contractor argument fails. As stated in *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548 (5th Cir. 1987):

> In *Williams v. Gervais F. Favrot Co.,* 499 So.2d 623 (La.App. 4th Cir.1986), an independent subcontractor's employees were injured while working on a construction site. The plaintiffs sued the building owner, alleging that the owner had retained sufficient control over the project to be held liable for the workers' injuries. By contract, the owner's contribution to the project was limited to the provision of plans and specifications and reservation of the right to insist on a final product that conformed to those plans. "The fact that [the owner] periodically inspected the jobsite to be sure that work was being performed in accordance with the specifications does not constitute the exercise of operational control." *Id.* at 626. Further, the court in *Hemphill v. State Farm Ins. Co.,* 472 So.2d 320 (La.App. 3d Cir.1985), wrote that the "control" determination "depends in great measure upon whether and to what degree the right to control the work has been contractually reserved by the principal. The supervision and control which is *actually* exercised by the principal is less significant." *Id.* at 322 (emphasis in original) (citation omitted).

*Id.* at 550 -551 (C.A.5 (La.),1987).

Brandon Waters, the Hathaway representative at the Rule 30(b)(6) deposition of Hathaway testified that the Form A-201 Contract between Ansley Place Apartments, LLC and the architect also covered all the general conditions as it relates to the Hathaway contract. (Doc. 161-10, Dep. Waters at 69. Apparently the provisions of AIA Document A201 (Doc. 161-11) apply to the contract at issue and the relevant language provides:

> The Contractor shall supervise and direct the Work, using Contractor's best skill and attention. The Contractor shall be solely responsible for and have control over construction means, methods, techniques, sequences and procedures and for coordinating all portions of the Work under the Contract, unless the Contract Documents give specific instructions concerning these matters.

AIA Document A201 (Doc. 161-11, § 3.3.1, p. 13 of 37). In addition, Hathaway was contractually responsible to inspect the work of Meyer Smith as detailed in § 3.5.1 of the same document. These contractual requirements preclude summary judgment with respect to Hathaway's claim of lack of operational control over Meyer Smith. *See Meaux v. Wendy's International, Inc. F.J.B.*, 51 So.3d 778 (La. App. 5th Cir. 2010); *Laronga v. Gelpi Partnership Number 3*, 536 So.2d 1307 (La. App. 5th Cir. 1989).

Finally as to the issue of whether the liability for the construction defects passed to Ansley Place due to the lapse of 19 months, whether a "reasonable period of time" exists is "an issue properly brought before a jury constituting a classic triable issue dependent upon the facts of the case." *Broussard v. Aviara Energy Corp.*, 2005 WL 1473998 (W.D.La. June 21, 2005) (Melancon, J.). Thus, once again, there are questions of fact precluding summary judgment. Accordingly,

3

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 143) filed by defendants Hathaway Development Company, Inc. and Hathaway Construction Company, Inc. is **DENIED.**

New Orleans, Louisiana, this 15th day of March, 2012.

　　　　　　　　　　　　　　　　　　STANWOOD R. DUVAL, JR.
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE